**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

KEVIN HOLLICK,

Plaintiff,

- v -

Civ. No. 5:07-CV-1170 (DNH/RFT)

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

**APPEARANCES:** **OF COUNSEL:**

AMDURSKY PELKY LAW FIRM
Attorney for Plaintiff
26 East Oneida Street
Oswego, New York 13126

GREGORY R. GILBERT, ESQ.

SOCIAL SECURITY ADMINISTRATION
Attorney for Defendant
Office of Regional General Counsel
Region II
26 Federal Plaza – Room 3904
New York, New York 10278

MARIA P. FRAGASSI SANTEGELO, ESQ.

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

On November 2, 2007, Plaintiff Kevin Hollick initiated this action, pursuant to 42 U.S.C. § 405(g), seeking review of a decision by the Commissioner of Social Security denying his application for disability benefits. *See* Dkt. No. 1. In accordance with General Order 18, Defendant filed an Answer along with the Administrative Transcript. Dkt. Nos. 8-9. And, in accordance with the time frame established in General Order 18, Plaintiff's Brief in this matter was due on May 22, 2008. On that date, the Court received a "Status Report" from Plaintiff, explaining that after reviewing the administrative transcript, he would not be filing a Brief. Dkt. No. 13. In response,

on June 11, 2008, this Court issued an Order expressing our confusion regarding this rather unconventional Status Report and further informing Plaintiff of the importance of the Court's receipt of a Brief from Plaintiff. Dkt. No. 14. Specifically, the Court wrote:

> It is unclear if by this Status Report Plaintiff means to advise that he is abandoning his appeal in federal court. In the event Plaintiff seeks to proceed with this matter, we note that the Brief is his ***only*** opportunity "to set forth the errors Plaintiff contends were made by the Commissioner of Social Security that entitle Plaintiff to relief." *See* General Order 18 at p. 4. **Plaintiff is further warned that his "failure to file a Brief as required by this order will result in the consideration of this appeal without the benefit of Plaintiff's arguments and may result in a decision heavily influenced by the Commissioner's version of the facts and subsequent dismissal of [his] appeal.**" *Id.*

*Id*. at p. 2.

The Court then directed Plaintiff to inform us, **in writing**, of his intention to proceed with the matter, providing a date certain of June 13, 2008, by which to comply. We further *sua sponte* extended the deadline by which Plaintiff could file his Brief to July 14, 2008. To date, the Court has received no further correspondence from Plaintiff.

Over six months have elapsed since the Court directed Plaintiff to file a letter of intent to proceed. It appears as if the Plaintiff is not interested in further prosecuting this matter and has abandoned his claim.

Now, upon careful consideration of the Plaintiff's Complaint and the Defendant's Answer; and there being no other papers to consider, it does, in fact, appear that the Plaintiff has failed to prosecute this matter. N.D.N.Y.L.R. 41.2(a) ("[P]laintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution."); *see also* FED. R. CIV. P. 41(b); *Link v. Wabash R. Co.*, 379 U.S. 626, 629-30 (1962) (recognizing the federal court's inherent power to dismiss an action with prejudice because of the plaintiff's failure to prosecute and that Rule 41(b), which authorizes a defendant to move for such relief, does not divest a court of its inherent power

to do same upon its own motion).

## III. CONCLUSION

For the reasons stated herein, it is

**RECOMMENDED**, that this matter be **dismissed** due to Plaintiff's failure to prosecute; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date: January 15, 2009
Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge